IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| L.E.G.P.,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, Seattle Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE), BRUCE SCOTT, Warden, Northwest ICE Processing Center, MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and TODD BLANCHE, United States Attorney General,<br><br>Respondents. | No. 2:26-CV-04056-SAB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court are Petitioner's Motion for Temporary Restraining Order, ECF No. 10, and Emergency Motion for Temporary Restraining Order, ECF No. 16. Petitioner is represented by Josephine Moberg and Juliana M. Braker. Respondents are represented by Cameron M. Perla and Peter H. Clark.

//

Petitioner is a citizen of Honduras who entered the United States on or about August 4, 2023, and was released four days later on an Order of Release on Recognizance. Petitioner filed her Form I-589 Application for Asylum, which was denied by the Portland Immigration Court on October 14, 2026. Petitioner has not filed a Notice of Appeal but indicates that she plans to. Petitioner asserts that she has a valid work permit, has attended all immigration court hearings associated with her case, and complied with all other terms of release. Petitioner states she has no criminal history.

Petitioner was detained on October 20, 2026, in Oregon, after presenting herself voluntarily for a scheduled immigration check-in. She asserts ICE officers did not allow her to speak with her counsel or provide her with written notice or opportunity to be heard by a neutral decisionmaker prior to re-detention. Instead, Petitioner was almost immediately transported to the NW ICE Processing Center in Tacoma, Washington. On October 27, 2026, Respondents filed a Notice of Intent to Remove Petitioner from the United States.

Petitioner filed her first Petition for Writ of Habeas Corpus in the District of Oregon. However, Petitioner was transferred out of district to the Western District of Washington before the Petition was filed and docketed. Accordingly, the District of Oregon transferred the Petition to the Western District of Washington. Petitioner requests the Court temporarily enjoin Respondents from transferring her out of the Western District of Washington or from otherwise removing her while her Habeas Petition is pending, because transferring her further away from her lawyers, family and community will irreparably harm her.

Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a temporary restraining order is to preserve the status

quo before a hearing on the merits can be held. *Granny Goode Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

The Court finds it unnecessary to reach the merits of Petitioner's request, as it lacks jurisdiction to grant the requested relief. District courts are unable to interfere with the timing and execution of valid final orders of removal. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). Petitioner's Emergency Motion requests that the Court enjoin Respondents from transferring or removing Petitioner while the habeas petition is considered. As there is a valid order of removal against Petitioner, this Court lacks the jurisdiction to grant the requested relief. Further, it appears the Emergency Motion is unnecessary, as jurisdiction over a habeas petition is established at the time of filing, and any later transfer out of the judicial district does not destroy such jurisdiction. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1989). Accordingly, the Emergency Motion is denied in part for lack of jurisdiction and in part as unnecessary.

Rule 10(a) requires that the title of every complaint "include the names of all the parties." Thus, the normal presumption in litigation is that parties must use their real names. *Does v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010). Even so, the Ninth Circuit has permitted parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 1067-68 (9th Cir. 2000); *see also e.g. Roe v. Wade*, 410 U.S. 113 (1973). Specifically, the Ninth Circuit allows parties to use pseudonyms in the "unusual case" where nondisclosure of the parties' identity is

necessary to protect a person from harassment, injury, ridicule or personal embarrassment. *Advanced Textile Corp*., 214 F.3d at 1068 (quotation omitted). Courts must consider whether the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity. *Id*. at 1069.

Plaintiff's only explanation for proceeding anonymously is that the sensitivity of her petition constitutes a special circumstance justifying the measure. This explanation does not provide the Court with sufficient information to determine whether there are special circumstances that would warrant the *Doe* pleading or weigh that reason against the public's interest. Therefore, Plaintiff is not permitted to proceed anonymously.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Temporary Restraining Order, ECF No. 10, is **DENIED** as duplicative.

2. Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 16, is **DENIED**.

3. Petitioner is ordered to proceed under her legal name.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 28th day of October 2026.

Stanley A. Bastian
United States District Judge